JOHN HORTON  v. ELIJAH GREEN.

A person, tendered as a witness to express an opinion whether the symptoms attending a diseased mule were of recent or of long standing, upon preliminary examination, stated that he was a physician of eleven years standing, and that although he had no particular knowledge of the diseases of stock, yet from his books, observation and general knowledge of diseases of the human family, he could tell whether certain symptoms indicate that the disease is of recent or long standing ; and although he never saw a case of glanders (unless the one in question were such) yet he was able to form an opinion whether the symptoms of the mule, indicated a disease of recent or of long standing : *Held,* that he was a competent witness for the purpose indicated.

(*State* v. *Clark,* 12 Ire. 151, cited and approved.)

ACTION for False warranty and Deceit, in the sale of a

mule, tried before *Mitchell, J.,* at Fall Term 1869, of CALD-WELL Court.

It was alleged by the plaintiff that the mule had *glanders,* when sold; and among other witnesses introduced was Dr. Rivers, a physician of eleven years standing, who being asked by the plaintiff whether from his general knowledge of diseases he could tell whether the symptoms in this case indicated that the disease was of recent standing or not; answered: that he had no particular acquaintance with diseases of stock, but from his books, observation and general knowledge of diseases of the human family, he could tell whether certain symptoms indicate that a disease is of recent or of long standing; that he did not know that he had ever seen a case of glanders, unless this was one. The plaintiff then asked, whether the symptoms of the mule in question indicated disease of recent or of long standing?

The defendant objected to the question, and the Court excluded it, upon the ground that the witness had not qualified himself to answer as an expert.

The plaintiff excepted.

Verdict for the defendant, &c. Appeal by the plaintiff.

*Folk,* for the appellant.

There was error in excluding the evidence of the physician. All men of science are *experts* in the legal sense of the word. *Foulks* v. *Chadd,* 3 Doug. 157. When the question so far partakes of the nature of science, as to require a course of study or habit, in order to the attainment of knowledge of it, the person so qualified may testify. 1 Smith's L. C. 286. A physician may testify as an expert, although he has never practiced his profession at all. 1 Green. Ev., 555.

He also relied upon *State* v. *Clark,* 12 Ire. 151.

*Malone, contra.*

To be competent as an expert, the witness must have such knowledge and skill in the science, practice, or avocation involved, as to be able to assist the jury in a special manner. 1 Green. Ev., § 400; *State* v. *Clarke,* 12 Ire. 151; *Lush* v. *McDaniel* 13 Ire. 487; *Carter* v. *Boehm,* 1 Smith L. C.; *Blarmourges* v. *Clark,* 9 Iowa 1.

PEARSON, C. J. If the subject had been a man, instead of a mule, without doubt the opinion of Dr. Rivers as to whether a disease, the symptoms of which he had observed, was of recent or of long standing, would have been competent evidence. *State* v. *Clark,* 12 Ire. 151. Our question is, does the fact that the subject was a mule, make this rule of evidence inapplicable. Recurrence to the principles on which the rule rests, will show that it applies to the one case as well as to the other, and that there is no distinction in regard to the *competency* of the evidence, though it may be that in the consideration of a jury the opinion of the witness in respect to the mule, would not be entitled to as much weight as it would be in regard to a man.

The general rule is that the opinion of a witness is not competent evidence; he must state facts, and let the jury form the opinion. For instance, a witness says, "a wound upon a man or a mule, was bleeding," or "had a scab over it;" "a place was swollen and inflamed," or "was discharging matter;" from these facts, the jury can say whether the wound or sore was of recent or of long standing. But there are some things of which a witness can not give such a description as will enable a jury to form an opinion. In regard to these the law makes exceptions, and allows the opinion of a witness to be competent evidence. Handwriting cannot be so described as to enable the jury to form an opinion; hence, if the witness swears that he has an opinion, and had the means of forming it, by having seen the man write, or seen writing which is proved to be his, *ante litem motam,* his opinion is competent. So, if a witness swears that he has

an opinion as to the general character of a man, and had the means of forming it, by an acquaintance with him and living in the same neighborhood, the opinion is competent. So, in regard to diseases and matters of that kind, the law calls in the aid of science, and if it appears that the witness has had peculiar means of forming an opinion by reading, reflection and observation in the pursuit of a particular science, and that he is a physician of many years standing, and he will swear that in this way he has formed an opinion, it is competent evidence. In *State* v. *Clark, supra,* it is said : " When professors of the science swear they can thus distinguish, it would be taking too much on themselves for persons, who like Judges are not adepts, to say the witness cannot thus distinguish, and on that ground, refuse to hear his opinion at all. By such a course the Judge would undertake. of his own sufficiency, to determine how far a particular science, not possessed by him, can carry human knowledge, and to determine it in opposition to the professors of that science. That course would subvert the principle upon which the rule of evidence is founded, and exclude the evidence in all cases."

In our case Dr. Rivers is a physician of eleven years standing, and had observed the symptoms of the diseased animal. He swears that although he has no particular knowledge of the diseases of stock, yet from his books, observation and general knowledge of diseases of the human family, he can tell whether certain symptoms indicate that the disease is of recent or of long standing ; and although he never saw a case of glanders, unless this is one, yet he was able to form an opinion as to whether the symptoms of this mule indicated a disease of recent or of long standing. This is assumed by the objection to the question which was ruled out by the Court, "on the ground that the witness had not qualified himself *as an expert.*" We are to take it, that he was about to swear that he had formed an opinion. So, in this particular, the cases of the man and the mule are the same.

But it is said that the witness, although an expert in regard to the diseases of the human family, had no particular acquaintance with the diseases of stock, and that in this lies the distinction.  We do not think the distinction well taken, to the extent of making the opinion *incompetent*, however much it might have been matter of comment before the jury. Stock, and the human family, are animals with many similitudes and some variances.   The circulation of the blood, the respiration, and the laws of nervous and muscular action in a mule, are similar to those in a man.   In the organs of digestion and other functions there are variances, owing to the differences of food, &c.; so that, although it be admitted, that one acquainted with the mode of treating diseases of the human family, should not be relied on to select from the *materia medica* substances apt for the treatment of the diseases of stock (for *non constat* that a medicine which will produce a given effect administered to a man, will have the like effect administered to a mule), still we think it clear that one having a scientific knowledge of the diseases of men, must be presumed to have so much knowledge of the diseases of a mule, as to enable him to determine whether a disease, with which the animal is affected, be of a recent or of long standing; and that this knowledge gives to his opinion, when he has had the opportunity of observing the symptoms, a peculiar weight which does not belong to the opinions of those who have not devoted themselves to the study of diseases as a science.

The law will not reject the aid in the investigation of truth, to be derived from science, merely because the witness has confined his observation and practice to one branch of it.   In other words, an expert in the diseases of man, is necessarily an expert, to some extent, in the diseases of animals, so as to make his opinion competent evidence upon a matter in reference to which he will swear that his scientific knowledge has enabled him to form an opinion.

For further illustration: it becomes material to prove that

a colt was dead when foaled. A physician swears that ·he made a *post mortem* examination, and has formed an opinion, by means of his knowledge of physics, that the lungs of a child, if it ever breathed, can be easily distinguished from the lungs of one still-born, and that in that respect, the colt and the child are the same: Shall his opinion be held incompetent, and the light of science be excluded, because the witness has no particular acquaintance with the diseases of such animals, and has never dissected a colt, except on the one occasion ?

There is error.

PER CURIAM.                                           *Venire de novo.*